UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEYSON MANUEL VARGAS-MOYA, <br><br> Plaintiff, <br><br> v. <br><br> A. DUIE PYLE, INC. and LESZEK KEDZIERSKI, <br><br> Defendants. | **MEMORANDUM & ORDER** <br> 18-CV-00188 (HG) (LB) |

**HECTOR GONZALEZ**, United States District Judge:

Defendants have filed a motion *in limine* in advance of the parties' upcoming trial to exclude the testimony of Plaintiff's medical experts due to the supposed inadequacy of Plaintiff's expert disclosures. ECF No. 49. Alternatively, Defendants seek to limit the scope of the testimony of one of Plaintiff's experts. *Id.* The Court assumes familiarity with the underlying facts and procedural history of this case and describes those details only as necessary to decide Defendants' motion. For the reasons set forth below, the Court denies Defendants' motion in its entirety.

This case arises from a vehicle accident involving Plaintiff and Defendants in June 2016, in which Plaintiff was injured. ECF No. 1-5 ¶¶ 7–23. On March 5, 2019, during the expert discovery period set by Magistrate Judge Orenstein, who previously presided over pretrial discovery in this case, Plaintiff served two expert disclosures that are at issue in Defendants' motion *in limine*. ECF Nos. 51-2 & 51-3. Both disclosures related to anticipated testimony by doctors who had treated Plaintiff for his injuries and had begun doing so before Plaintiff commenced this lawsuit. *Id.* Notably, the disclosure for Dr. Vadim Lerman, an orthopedic surgeon, said that he intended to testify about topics such as the fact that Plaintiff "suffered an

injury to his lumbar spine and/or cervical spine as a result of the subject incident" and that Plaintiff's "injuries are permanent in nature and are causally connected to the Plaintiff's accident." ECF No. 51-2 at 4, 5. Plaintiff's disclosure for Dr. Leonid Reyfman, an anesthesiologist, similarly indicated that Dr. Reyfman intended to testify about the cause of Plaintiff's injuries. ECF No. 51-3 at 4, 5.

Plaintiff's expert disclosures were relatively brief summaries of the general topics about which his doctors planned to testify, rather than expert reports containing all of the information required by Rule 26(a)(2)(B). In particular, Plaintiff's expert disclosures did not identify the compensation that Plaintiff's experts would receive for their testimony or provide a list of all cases in which they had testified during the preceding four years or publications that they had authored during the preceding ten years. *See* Fed. R. Civ. P. 26(a)(2)(B). Defendants argue that Plaintiff's failure to provide this information requires the Court to preclude his experts' testimony. ECF No. 49.

The Court will not exclude the testimony of Plaintiff's medical experts because Plaintiff was not required to provide the detailed disclosures that Defendants seek. A party is required to provide an expert report—including disclosures about the expert's compensation, past testimony, and publications—only if the expert has been "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). "If a party offers a treating physician as an expert, there is no need to provide a written expert report under Rule 26(a)(2)(B) because treating physicians are not retained or specifically employed to provide expert testimony in the case." *Olutosin v. Gunsett*, No. 14-cv-685, 2019 WL 5616889, at *5 (S.D.N.Y. Oct. 31, 2019).[1]

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

If a party serves a more abbreviated expert disclosure under Rule 26(a)(2)(C) for a treating physician, then that physician may testify not only about "facts acquired and opinions formed during consultation," which the physician could have done as a fact witness without any expert disclosure, but also about "reliance on outside sources, such as another doctor's records or opinions or facts acquired as part of litigation." *Ali v. Connick*, No. 11-cv-5297, 2016 WL 3002403, at *9 (E.D.N.Y. May 23, 2016); *see also Brady v. Foodliner Inc.*, No. 15-cv-4566, 2022 WL 1624040, at *2 (E.D.N.Y. May 21, 2022) (explaining the permissible scope of treating physician testimony). All of the cases which Defendants cite in support of their motion dealt with experts specifically retained for the parties' litigation and who were, therefore, required to provide full-blown expert reports according to Rule 26(a)(2)(B). *See* ECF No. 50 at 3–4, 8–9. Those cases do not support excluding the testimony of Plaintiff's experts.

The Court also declines to preclude Dr. Lerman from testifying about the cause of Plaintiff's injuries. As described above, Plaintiff's expert disclosure for Dr. Lerman clearly identified that he intended to testify about the causal relationship between Plaintiff's injuries and the accident giving rise to this case, so Defendants' assertion that Plaintiff never disclosed this topic is simply wrong. *See* ECF No. 50 at 5. Additionally, as one of Plaintiff's treating physicians, Dr. Lerman would have been entitled to offer his opinion about the cause of Plaintiff's injuries, even without providing any expert disclosure, so long as Dr. Lerman had formed an opinion about the cause of Plaintiff's injuries during his course of treating Plaintiff. *See Brady*, 2022 WL 1624040, at *2 (permitting treating physicians who provided no expert disclosures to opine about the cause of plaintiff's injuries). The contemporaneous medical records that Plaintiff has produced indicate that Dr. Lerman did, in fact, form such conclusions. ECF No. 51-4 at 2 (notes from July 2016 visit stating that Plaintiff's "problem originated on

6/9/2016 as a result of motor vehicle accident"); ECF No. 51-6 at 2 (similar notes from August 2016 visit).

Defendants further complain that Plaintiff served a supplemental disclosure for Dr. Lerman on January 4, 2023, in preparation for trial, which supposedly identified for the first time that Dr. Lerman would testify about injuries to Plaintiff's C3/4 vertebrae, rather than only his C4/5 vertebrae. ECF No. 50 at 5–6. Even if Plaintiff were required to provide this level of detail in his original expert disclosure for Dr. Lerman, the Court would not limit Dr. Lerman's testimony on this topic because of the lack of prejudice to Defendants. The Second Circuit has directed district courts to consider the following factors when exercising their discretion to exclude expert testimony: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *FIH, LLC v. Found. Cap. Partners LLC*, 920 F.3d 134, 145 (2d Cir. 2019).

The prejudice to Defendants arising from Dr. Lerman's supposedly new testimony is minimal and borders on nonexistent. Dr. Lerman's medical records noted Plaintiff's injury to his C3/4 vertebrae, as did a report of a cervical MRI that Plaintiff received, which Dr. Lerman's notes reflected that he reviewed. *See* ECF No. 51-6 at 4; ECF No. 51-7 at 2. Plaintiff also identified his injuries to these vertebrae in the initial disclosures that he served approximately one month after this case was removed to federal court—and more than five years before trial. ECF No. 51-8 at 3. These disclosures, together with Dr. Lerman's original expert disclosure, therefore, put Defendants on notice that Dr. Lerman might testify about this particular aspect of Plaintiff's injuries. All Plaintiff's supplemental disclosure did was highlight this aspect of Dr.

4

Lerman's testimony more prominently for Defendants. *See* ECF No. 51-5 at 3. Plaintiff made this supplemental disclosure more than two months before the start of trial, which is more than the 30 days' notice required by Rule 26(a)(3)(B) for such pretrial disclosures, thereby giving Defendants more than enough time to prepare their cross-examination and the testimony of their own experts.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendants' motion *in limine*, *see* ECF No. 49, in its entirety. Plaintiff's medical experts, Dr. Lerman and Dr. Reyfman, will be permitted to testify at trial on the topics identified in their expert disclosures, including Plaintiff's supplemental pretrial disclosures.

SO ORDERED.

                                                     */s/ Hector Gonzalez*
                                                    HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
           February 8, 2023